UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RENNY C.,[1]

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*,

Defendant.

Case No.: 25-cv-1801-DEB

**ORDER REVERSING THE DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

**[DKT. NO. 20]**

## I. INTRODUCTION

Before the Court is the parties' Joint Motion for Judicial Review of the Commissioner's denial of supplemental security income benefits to Plaintiff Renny C. Dkt. No. 20 ("Motion"). For the reasons discussed below, the Court **REVERSES** the denial of benefits and **REMANDS** this action for further proceedings consistent with this Order.

//

//

[1] To maintain privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

## II. PROCEDURAL BACKGROUND

Plaintiff applied for Supplemental Security Income disability benefits alleging disability beginning January 27, 2022. AR 32.[2] The Social Security Administration denied Plaintiff's application initially and on reconsideration. AR 32–52, 148–52, 161–66. Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 32–52. The Appeals Council denied Plaintiff's request for review (AR 1), and this case followed.

## III. SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 416.920(a). At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since January 27, 2022, the application date." AR 35.

At step two, the ALJ found Plaintiff had the following severe impairments: status-post liver transplant with bilateral renal cysts; migraines; lumbar and cervical degenerative disc disease; gout; carpal tunnel syndrome; drug abuse disorder; and agoraphobia with panic disorder. AR 35.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 35–38.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> he cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; he can frequently reach in all directions; he can frequently handle, finger, and feel bilaterally; he can work in a noise environment up to and including moderate noise levels; he

---

[2] "AR" refers to the Administrative Record lodged on September 15, 2025. Dkt. Nos. 9–14. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

> must avoid concentrated exposure to pulmonary irritants; he must avoid even moderate exposure to hazards such as work at unprotected heights and around dangerous moving machinery; and he can perform simple, routine, and repetitive tasks with no work-related public contact.

AR 38.

At step four, the ALJ found Plaintiff had no past relevant work. AR 47.

At step five, the ALJ concluded Plaintiff could perform jobs that exist in significant numbers in the national economy. AR 47–48. The ALJ, therefore, concluded Plaintiff was not under a disability since January 27, 2022, "the date the application was filed . . . ." AR 48.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether it applied the proper legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination . . . if the ALJ applied the proper legal standard and his decision is supported by substantial evidence."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 97 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (citations omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision . . . ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

//

//

//

## V. DISCUSSION

Plaintiff contends the ALJ's RFC is not supported by substantial evidence. Plaintiff specifically challenges two findings in the RFC: (1) that Plaintiff is capable of light work (i.e., he can stand and/or walk for approximately six hours in an eight-hour workday); and (2) that Plaintiff is capable of "frequent" bilateral fingering. Dkt. No. 20 at 6–10.

The Commissioner claims the ALJ properly considered and evaluated the evidence, and the RFC is supported by substantial evidence. *Id.* at 13–17.

For the reasons discussed below, the Court finds errors in the ALJ's decision and **REMANDS** for further consideration.

### A. Legal Standards

In formulating the RFC, the ALJ must weigh medical records, medical opinions, and the claimant's symptom testimony. *See* 20 C.F.R. § 416.945(a)(3). The ALJ—not a medical provider —is responsible for formulating the RFC. *Id.* § 416.946(c); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). But the ALJ may not find a medical opinion unpersuasive through conclusory assertions; instead, the ALJ must articulate supportability and consistency rationales that substantial evidence supports. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings.") (internal citations omitted).

The ALJ "need not take every medical opinion at 'face value.'" *Cross v. O'Malley*, 89 F.4th 1211, 1213 (9th Cir. 2024) (quoting *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020)). The ALJ must, however, evaluate the persuasiveness of all medical opinions, including both their supportability and consistency. *See* 20 C.F.R. § 416.920c(b)(2) ("[W]e will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination

or decision."). Supportability is "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods*, 32 F.4th at 791–92 (quoting 20 C.F.R. § 416.920c(c)(1)). Consistency "means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* at 792 (quoting 20 C.F.R. § 416.920c(c)(2)).

**B. <u>Analysis</u>**

***1. <u>Standing and Walking</u>***

The ALJ's RFC limited Plaintiff to light work, which requires the ability to stand and/or walk approximately six hours in an eight-hour workday. AR 38.[3] The medical opinions conflicted over Plaintiff's standing/walking limitation. Drs. Vu and Amado opined that Plaintiff can stand and/or walk six hours in an eight-hour workday. AR 124, 138. Drs. Holan and Calac, however, opined that Plaintiff is limited to two hours of standing and walking. AR 63, 872.

The ALJ's decision rejected Drs. Holan and Calac's two-hour standing/walking limitation. AR 40. The decision rejected Dr. Holan's opinion as "internally inconsistent because . . . he testified he disagreed with Dr. Calac's opinion limiting the claimant to standing or walking to 2 hours each, yet earlier in his testimony he opined to similar standing/walking limitations." AR 45.

That misapprehends Dr. Holan's testimony. Dr. Holan testified as follows:

---

[3] The regulations define light work as involving "a good deal of walking or standing . . . ." 20 C.F.R. § 416.967(b). Social Security Ruling 83-10 further explains that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). The Social Security Administration's Program Operations Manual System ("POMS"), section DI 25025.030, emphasizes that many unskilled light jobs occur primarily in one location, such that standing can be more important than walking.

Q Okay. Did you see the doctor also - - treating physician also, Page 2, had a limitation on sitting and standing about two hours each during the course of an eight-hour workday?

A I did see that.

Q What are your thoughts on that?

A I did see that.

Q Okay. Would that be reasonable?

A I felt that the [Plaintiff] would be able to sit for six out of eight hours.

AR 66.

As the above makes clear, there is no internal inconsistency between Drs. Holan's opinion and his testimony. Dr. Holan's testimony that Plaintiff "would be able to sit for six out of eight hours" (AR 66) is consistent with his earlier testimony that Plaintiff is limited to "standing and/or walking for two hours in an eight-hour day, [and] sitting for six hours in an eight-hour day" (AR 63). Dr. Holan never disagreed with a standing/walking limitation of two hours. AR 63, 66. The ALJ's decision, therefore, erroneously found Dr. Holan's testimony internally inconsistent. *See Greppi v. Saul*, No. 19-16030, 2020 WL 3564353, at *1 (9th Cir. July 2, 2020) (mem.) (reversing where the ALJ claimed the treating physician's opinion conflicted with his treatment notes, but the asserted "inconsistencies" reflected the claimant's self-reported symptoms and "there was no inconsistency between [the physician's] own observations and his opinion"); *Nguyen v. Chater,* 100 F.3d 1462, 1465 (9th Cir. 1996) ("Where the purported existence of an inconsistency is squarely contradicted by the record, it may not serve as a basis for the rejection of an examining physician's conclusions.").

The ALJ's decision also relies on Plaintiff's travel to Hawaii in rejecting Dr. Holan's two-hour standing/walking limitation. AR 45. The decision states that "traveling on vacation to Hawaii . . . is inconsistent with an inability to . . . stand or walk for more than

2 hours." AR 45. The decision, however, does not explain the inconsistency, and none is self-evident.

Plaintiff testified that took a five-hour flight from San Diego to Hawaii. AR 88. He self-medicated, stood up and went "to the back a lot." *Id.* The record does not identify the distance or duration that Plaintiff walked (either on the plane or while in Hawaii), or whether he used accommodations. AR 45. The ALJ's decision does not explain either how air travel (which largely entails sitting) or mere presence in Hawaii (where Plaintiff did not necessarily have to stand or walk for six out of eight hours) demonstrates an ability to sustain standing and/or walking for six hours in an eight-hour workday as required by the light-work RFC. The decision, therefore, also erred by relying on Plaintiff's travel to Hawaii as a basis to reject Dr. Holan's opinion. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled') (internal citation omitted); *see also Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) ("Evidence that [plaintiff] took a four-day road trip to California, without more, is insufficient to counter the opinion of [plaintiff's] treating physicians and the ALJ's own medical examiner that [plaintiff] needs to shift positions 'every 30 minutes or so.'").

The above errors in the ALJ's decision may be a product of a misapprehension of the light work requirements. In two places, the decision evaluated whether Plaintiff can "sit, stand, or walk" for about six hours during an eight-hour workday. *See* AR 40 ("The undersigned finds no medical evidence to limit the claimant's ability to sit, stand, or walk for about 6 hours each during a workday."); *id.* ("Similarly, there are no disorders of the lumbar spine or lower extremities that would limit the claimant's ability to stand/walk and sit for 6 hours each during a workday."). The light work requirements, however, require standing or walking for six hours. SSR 83-10, 1983 WL 31251, at *6 ("the full range of

light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."). Sitting is not part of the six hours. *Id.* ("Sitting may occur intermittently during the remaining time."). The decision's evaluation of whether Plaintiff can "sit, stand, or walk" in determining his ability to perform light work, therefore, is legal error.

### 2. ***Harmless Error***

Having found error, the Court considers whether it is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006).

The Court finds that a correct interpretation of Dr. Holan's standing and walking limitation could result in a conclusion that Plaintiff is incapable of light work. A proper evaluation of Drs. Holan's opinion could change the RFC, require additional vocational testimony, and alter the non-disability finding. The Court, therefore, cannot "confidently conclude that no reasonable ALJ" would reach a different result on a properly evaluated record. *Id.* at 1156.

On remand, the ALJ must reassess Plaintiff's standing/walking capacity, evaluate the relevant medical opinions and evidence, and explain the evidentiary basis for any exertional RFC adopted.

Given this reversible error, the Court does not consider Plaintiff's argument concerning the RFC's frequent bilateral fingering limitation. Plaintiff will have the opportunity to submit evidence about that issue on remand. *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further

relief than granted, and all of which can be addressed on remand.”). The Court notes, however, that the ALJ’s decision does not explain how left-sided surgical improvement bears on frequent bilateral fingering. AR 64 (“[Plaintiff] consented at that point to the right carpal tunnel release, but that is not documented as having been done anywhere.”).

**C. <u>Remanding For Further Proceedings</u>**

Plaintiff seeks a remand for further proceedings. Dkt. No. 20 at 17. “The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.” *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court agrees that a remand is appropriate here. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where several “outstanding issues” remained to be resolved, so it was “not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits”); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) (“If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.”).

**VI. CONCLUSION**

The Court **REVERSES** the Commissioner’s decision and **REMANDS** this action for further administrative proceedings consistent with this Order. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: September 29, 2026

Honorable Daniel E. Butcher
United States Magistrate Judge